UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN SALOFI ASAELI, | |
| Petitioner, | Case No. C21-5876-MJP-SKV |
| v. | REPORT AND RECOMMENDATION |
| RONALD HAYNES, | |
| Respondent. | |

Petitioner Benjamin Salofi Asaeli, proceeding *pro se*, filed an Application to Proceed *In Forma Pauperis* (IFP), Dkt. 6, and a proposed Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Dkt. 6-1. The proposed Petition relates to Petitioner's 2006 conviction for murder in the first degree, assault in the first degree, and unlawful possession of a firearm. *See* Dkt. 6-1 at 1. Because Petitioner's proposed Petition is successive, his IFP application should be denied and this matter dismissed without prejudice to permit Petitioner to seek authorization from the Ninth Circuit to proceed with a successive petition.

Petitioner previously filed two habeas actions in this Court. *See Asaeli v. Obenland*, C12-5613-RJB; *Asaeli v. Glebe*, C14-5991-BHS. The Court denied Petitioner's first habeas petition, dismissed the case with prejudice, and ordered a certificate of appealability to issue.

REPORT AND RECOMMENDATION - 1

*Obenland*, C12-5613-RJB, Dkt. 28.  Petitioner appealed that decision to the Ninth Circuit, *id.* at Dkt. 30, and, while the appeal was pending, filed a second habeas petition in this Court, which the Court dismissed as second or successive, *Glebe*, C14-5991-BHS, Dkt. 6.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner must obtain authorization from the appropriate court of appeals in order to file a "'second or successive'" habeas petition challenging his or her custody.  *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007); 28 U.S.C. § 2244(b)(3)(A).  In the absence of such authorization, a district court lacks jurisdiction to consider a second or successive petition.  *Id*.

It is apparent from a review of Petitioner's current filing that he seeks to challenge the same conviction previously addressed by this Court.  *Compare* Dkt. 6-1, *with Obenland*, C12-5613-RJB, Dkt. 2; *Glebe*, C14-5991-BHS, Dkt. 1-1.  As Petitioner previously attempted to challenge this conviction, his proposed Petition must be deemed successive.  *See Burton*, 549 U.S. at 153; 28 U.S.C. § 2244.  This Court is without jurisdiction to consider such a petition until the Ninth Circuit has authorized its filing.  28 U.S.C. § 2244(b)(3)(A).

Because the Court is without jurisdiction in this case, the undersigned recommends that Petitioner's IFP application, Dkt. 6, be DENIED and that the proposed Petition, Dkt. 6-1, be DISMISSED without prejudice.[1]  Should Petitioner wish to pursue a successive petition, he must

---

[1] Ninth Circuit Rule 22-3 and the Circuit Advisory Committee Note to that rule provide that when a petitioner files an unauthorized second or successive § 2254 petition in the district court and facially alleges a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence, the district court may transfer the filing to the court of appeals in the interest of justice or, in the alternative, may dismiss the filing without prejudice to the petitioner seeking authorization from the court of appeals to proceed with his or her petition.  *See also* 28 U.S.C. § 1631 (providing for transfer to cure for want of jurisdiction "if it is in the interest of justice").  The proposed Petition does not allege a claim based on a new rule of constitutional law or newly discovered evidence of Petitioner's actual innocence.  *See* Dkt. 6-1 at 2.  The Court should therefore decline to transfer the proposed Petition to the Ninth Circuit.  However, dismissal of this action should be without prejudice to Petitioner seeking authorization from the Ninth Circuit to proceed with a successive petition.

REPORT AND RECOMMENDATION - 2

first file a motion for leave to proceed in the Court of Appeals, *see* 28 U.S.C. § 2244(b)(3)(A), and must make the showing required by § 2244(b)(2) and Ninth Circuit Rule 22-3. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 11, 2022**.

Dated this 19th day of January, 2022.

*/s/ S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3